

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

HERSHALL CRAVEN, Beneficiary of Michael Craven;
SHANE CRAVEN, Beneficiary of Michael Craven;
BRAIN CRAVEN, Beneficiary of Michael Craven; and
ROXANNE CRAVEN, Beneficiary of Michael Craven          PLAINTIFFS

V.                                         CAUSE NO. 2:12cv99 KS-MTP

PERRY COUNTY, a political subdivision;
JEREMY MCSWAIN, Individually; and
JIMMY DALE SMITH, Individually and in his official
capacity as Sheriff of Perry County                    DEFENDANTS

### JURY TRIAL DEMANDED

### COMPLAINT

COMES NOW, the Plaintiffs, by and through counsel, and file this their Complaint against the Defendants, and in support thereof would should the following, to wit:

### JURISDICTION

1.

The Plaintiffs' Complaint raises questions arising under the United States Constitution and federal law, and this Court has "federal question" jurisdiction pursuant to 28 U.S.C. Section 1331. The federal questions herein arise under 42 U.S.C. Section 1983, the Eight Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, 42 U.S.C. Section 12101 *et seq.*, and 29 U.S.C. 701 *et seq.* Additionally, the Court has jurisdiction over the Mississippi state tort claims herein pursuant to the F.R.C.P. 18 and 28 U.S.C.A. § 1367. These State claims

arise from the same "common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

2.

Venue is proper in the Southern District of Mississippi, Hattiesburg Division, where the Defendants reside and the location where the injuries and deprivation of rights occurred.

## PARTIES

3.

Plaintiff, Hershall Craven, is a wrongful death beneficiary of Michael Craven and he resides in Seminary, Mississippi.

4.

Plaintiff, Shane Craven, is a wrongful death beneficiary of Michael Craven and he resides at 57 Yawn Drive in Collins, Mississippi.

5.

Plaintiff, Brian Craven, is a wrongful death beneficiary of Michael Craven and he resides at 972 Cold Springs Road in Collins, Mississippi.

6.

Plaintiff, Roxanne Craven, is a wrongful death beneficiary of Michael Craven and she resides at 76 Yawn Drive in Collins, Mississippi.

7.

Defendant, Perry County, is a political subdivision located in Perry County, Mississippi.

8.

Defendant, Jeremy McSwain, is a Police Officer and/or Deputy Sheriff of the Perry County Sheriff's Department. Deputy McSwain acted in his individual capacity and is a Defendant in this action in said capacity.

9.

Defendant, Jimmy Dale Smith, is the Sheriff of Perry County, Mississippi. Sheriff Smith acted in his official capacity and in his individual capacity in the herein alleged acts.

## FACTS

10.

That on or about February 8, 2011, the Perry County Sheriff's Department (collectively hereinafter "Defendants") responded to a single vehicle automobile accident that involved Michael Craven. Officer Jeremy McSwain responded to the accident, and once he arrived on the scene, he investigated the accident, questioned a witness, made an arrest of Michael Craven, and reported to the Perry County Sheriff's Office.

11.

That Officer McSwain questioned, Joanne Hamby, (hereinafter "Hamby"), who told Officer McSwain the circumstances of the accident and other relevant information about Michael Craven. That Officer McSwain was not a witness to the accident and relied on the facts provided to him by Hamby and other information obtained through his investigation based upon the circumstances at the time of the accident.

12.

That Officer McSwain questioned Hamby, at the scene of the accident, who then

provided the following:

 A. Hamby is an acquaintance of Michael Craven and a store clerk at the Crossroad Grocery Quick Stop, and has known Michael Craven for some time.

 B. Michael Craven arrived at the Crossroad Grocery Quick Stop sometime after 19:00, but before 19:37 and bought some beer and then exited the store.

 C. Hamby observed Michael Craven acting in an unusual manner. He was walking in an unusual manner and leaning heavily to one side.

 D. Having knowledge of Michael Craven's prior stroke, Hamby was concerned because of his medical complications and believed these conditions may have been the reason for his unusual demeanor, therefore proceeded to follow him out of the store.

 E. Hamby got into her own vehicle and followed him down the road. Hamby continued to follow him when she witnessed him veer off the road to the right and into a ditch. The vehicle continued in and out of the ditch for approximately a half mile until it finally rested on the right side of the road.

 F. Hamby was immediately on the scene, and she noticed something was not right. Michael Craven was conscious and she spoke with him for several minutes. Hamby did not smell alcohol on his breathe, nor did she observe anything at the accident indicating that the cause of the accident was related to intoxication.

G. Hamby noticed his body was leaning/favoring to one side significantly more than the other and he appeared to be in pain and had difficulty speaking. Michael Craven was having difficulty communicating the entire time she was with him

H. Hamby attempted to find help because it was obvious to her that Michael Craven was in need of immediate medical attention.

I. Shortly thereafter, the Sheriff's Department arrived at the scene.

13.

That Hamby made all of these facts available to Officer Jeremy McSwain at the scene of the accident upon his initial investigation. Officer McSwain denied Michael Craven any medical assistance, and insisted that he was drunk and arrested him for DUI 1st and placed him into the custody of the Perry County Sheriff's Department.

14.

That the arresting officer was informed by Hamby and made aware of Michael Craven's medical history, which included the fact that he had suffered from a recent stroke, and that prior to and after the accident he had exhibited signs indicating that he was in need of immediate medical attention. Officer McSwain wrongfully refused to provide medical attention to him, insisting that "he is just drunk and is being arrested for DUI."

15.

That Michael Craven was placed under arrest and in the custody of Perry County Sheriff's Department after Officer McSwain appeared on the scene of the accident, and transported him to Perry County Jail. Officer McSwain gave no attention to Hamby's

warnings. Officer McSwain gave no consideration to the apparent and knownfacts that Michael Craven had a health disability. He did not recognize that Michael Craven had a disability, of which he had been warned and had a duty to recognize.

16.

That Michael Craven was taken into custody and asked to undergo a breathalyzer test at the Sheriff's Department. That documentation of the Intoxilyzer test indicated that Michael Craven's blood-alcohol level was .08.

17.

Approximately two and a half (2½) hours after he was arrested, Michael was released from custody. That Michael Craven was taken to his home by Officer McSwain under the direction of Sheriff Smith. After Officer McSwain reported to Sheriff Smith that Michael had serious medical issues, Sheriff Smith directed that Officer McSwain deliver Michael Craven to his home. Officer McSwain placed Michael Craven in a Sheriff's Department Vehicle and drove him to his home in Jones County. There was no attempt made by the Sheriff's Department to provide medical assistance to Michael Craven, nor was any medical history intake performed or recorded.

18.

The Sheriff's Department did not have an appropriate policy in place for the handling and treatment of a person with disabilities and/or needing medical attention. No medical intake was performed on Michael Craven at any time after his arrest. If the Sheriff's Department in fact had a policy for the handling of persons with disabilities and/or needing medical attention, it did not follow those policies or other reasonably appropriate policies or procedures.

19.

The actions of Sheriff Smith and Officer McSwain, in releasing Michael Craven, evidence the fact that Michael Craven was not intoxicated. Sheriff Smith and Officer McSwain surely would not have released him into the public, if he was in fact intoxicated. However, they did release Michael Craven, and Officer McSwain and Sheriff Smith transported him outside of Perry County's jurisdiction, to his home in another county.

20.

That upon completion of the transport, Officer McSwain took Michael out of the Sheriff's vehicle and delivered him into his home. Michael Craven could not motivate on his own and Officer McSwain assisted Michael Craven in entering his home, and left him there alone and without medical treatment or assistance.

21.

That Michael Craven died less than an hour after he was delivered to his home by Officer McSwain and Sheriff Smith. Michael Craven was in the custody of the Sheriff's Department until he was placed inside his home by Officer McSwain.

## WRONGFUL DEATH

22.

The Perry County Sheriff's Department of Perry County, Mississippi, Officer Jeremy McSwain and Sheriff Jimmy Dale Smith, wrongfully caused and/or contributed to the death of Michael Craven.

23.

That all the Plaintiff's claims for damages herein arise out of the actions of the

Perry County Sheriff's Department, Sheriff Smith and Officer McSwain, which resulted in the death of Michael Craven. The actions of the Defendants proximately caused and/or contributed to the wrongful death of Michael Craven.

24.

These actions by the Defendants constitute a violation of the constitutional rights of Michael Craven. Additionally, these actions by the Defendants amount to a tortious disregard for, and indifference to, the safety and well being of Michael Craven. The Defendants actions, both in tort and deprivation of rights, proximately caused and/or contributed to the wrongful death of Michael Craven. As a result, the Plaintiffs' have sustained significant losses and damages.

## VIOLATION OF CONSTITUTIONAL RIGHTS

25.

The Perry County Sheriff's Department of Perry County, Mississippi, Officer Jeremy McSwain and Sheriff Jimmy Dale Smith of the Perry County Sheriff's Department violated his constitutional and legal rights. Further, the actions of the Defendants caused and/or contributed to the death of Michael Craven.

26.

That the Perry County Sheriff's Department acted wrongfully and in deliberate indifference to Michael Craven's severe medical condition when it failed to provide required medical treatment to him, and when the Defendants failed to exercise reasonable judgment in releasing him from their custody and delivering him to his home, instead of providing to him required medical treatment pursuant to his constitutional and legal rights.

27.

These actions by the Defendants constitute a violation of Michael Craven's rights under the Eight and Fourteenth Amendments to the United States Constitution. The Eight and Fourteenth Amendments afford prisoners the right to be free from deliberate indifference to their safety. The county and sheriff owe a duty, under the the due process clause of the Fourteenth Amendment and the Eight Amendment, to provide required medical treatment to citizens under arrest and in custody.

28.

These constitutional violations resulted in the wrongful death of Michael Craven. That, as a consequence of these acts, Michael Craven was directly and consequently deprived of the legal rights afforded to him by the United States Constitution, and his family, Hershall Craven, Shane Craven, Brian Craven, and Roxanne Craven have suffered losses and damages from the wrongful death of Michael Craven, their natural brother.

## 42 U.S.C. § 1983 CLAIMS FOR DAMAGES

29.

Under 42 U.S.C. § 1983, Michael Craven is entitled to redress in law and equity. The Defendants, Sheriff Smith and Officer McSwain, are persons acting under color of state law. The Defendants deprived Michael Craven of his rights, privileges and immunities secured by the U.S. Constitution and federal law.

30.

That the Defendant, Perry County, is a person as defined by law. The Defendants, acting under color of law, denied appropriate medical treatment to Michael Craven in

deprivation of his Eighth and Fourteenth Amendment constitutional rights. Michael Craven was deprived of federal constitutional and statutory rights, under the Eight Amendment to the United States Constitution, Fourteenth Amendment to the United States Constitution 42 U.S.C. Section 12101 *et seq.*, and 29 U.S.C. 701 *et seq.*

31.

That while in the custody of the Perry County Sheriff's Department, Defendant deliberately ignored the fact that Michael Craven was in need of immediate medical attention and that he was in fact under disability from a stroke or other serious debilitating illness.

32.

That the Perry County Sheriff's Department acted wrongfully and in deliberate indifference to Michael Craven's severe medical condition when it failed to provide any medical assistance to him, and when it failed to exercise appropriate procedure by releasing him from their care and custody and delivering him to his home without appropriate medical attention or treatment, and he died thereafter. The Defendants acted in deliberate indifference to the safety of Michael Craven when he was delivered home and thereafter died.

33.

That Michael Craven died as a result of the wrongful and deliberate acts of Defendants. That, as a consequence of these acts, Michael Craven was consequently deprived of the legal rights afforded to him by the United States Constitution, and his family, Hershall Craven, Shane Craven, Brian Craven, and Roxanne Craven have suffered losses and damages from the wrongful death of Michael Craven.

34.

The Perry County Sheriff's Department of Perry County, Officer Jeremy McSwain and Sheriff Jimmy Dale Smith, wrongfully caused and/or contributed to the death of Michael Craven and violated his constitutional rights when its actions caused his death. These the violations of Michael Craven's constitutional rights entitle him to a remedy under 42 U. S. C. § 1983 and federal law.

### 42 U.S.C. Section 12101 and 29 U.S.C. 701 CLAIMS FOR DAMAGES

35.

The Perry County Sheriff's Department of Perry County, Mississippi, Officer Jeremy McSwain and Sheriff Jimmy Dale Smith, violated Michael Craven's rights under ADA Title II, 42 U.S.C. Section 12132 and Section 504 Rehabilitation Act of 1973, 29 U.S.C. Section 701 et.seq. The Defendants disregard for Michael Craven's disabilities and discrimination against him, violated these federal statutes, which protects him from such treatment. The Defendants acts and omissions were without justifiable, reason or cause. The Defendants' adverse action penalized Michael Craven in the denial of entitled benefits and rights. These wrongful acts and omissions by the Defendants, with knowledge, caused his death. Michael Craven was deprived of his constitutional rights of equal protection of law.

36.

The Defendants denied Michael Craven entitled access to medical attention, denied Michael Craven entitled access to federally mandated accommodations, and unlawfully discriminated against Michael Craven, causing serious and permanent loss, injury and damage to Michael Craven. These acts were discriminatory and a result of

punitive motives, that were in no way motivated to accommodate and secure the health and well-being of Michael Craven. These acts of discrimination and deliberate disregard for the health of Michael Craven began at the time of his arrest and continued until Michael Craven died as a result of these acts and omissions of the Defendants. These acts were unlawful, in the violation of Title II of the ADA, as well as, a violation of Section 504 of the Rehabilitation Act.

37.

That the Perry County Sheriff's Department acted with a discriminatory motive when the Defendants failed to provide any medical assistance to Michael Craven, and when it failed to exercise appropriate procedure by releasing him from their care and custody and delivering him to his home with required medical attention and treatment. This action was an unfair, discriminatory action, treating Michael Craven differently, in this circumstance, from other parties taken into the custody of the Perry County Sheriff's Department. This action, on the part of the Defendants, was a wrongful, discriminatory action in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 701, et.seq., and Title II of the ADA, Section 12132.

38.

That the Michael Craven died as a direct of the wrongful and deliberate acts of Defendants. That, as a consequence of these acts, Michael Craven was directly and consequently deprived of the legal rights afforded to him by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 701, et.seq., and Title II of the ADA, Section 12132.

39.

That while in the custody of the Perry County Sheriff's Department, Defendant deliberately ignored the disabilities of Michael Craven. The acts of the Defendants were an exercise of bad faith or gross misjudgment in denying Michael Craven access to necessary medical attention and suitable accommodations. The acts were unlawful, in violation of Title II of the ADA, as well as, a violation of Section 504 of the Rehabilitation Act. These discriminatory acts were taken against Michael Craven to penalize Michael Craven, were self serving to the sole interests of the Sheriff's Department, and denied Michael Craven his entitled benefits under the law. Defendants' acts are in violation of Federal Law, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 701 et. Seq., and Title II of the ADA, 42 U.S.C. Section Section 12101-12213.

## MISSISSIPPI TORT CLAIMS ACT CLAIMS FOR DAMAGES

40.

The Perry County Sheriff's Department of Perry County, Mississippi, Officer Jeremy McSwain and Sheriff Jimmy Dale Smith, acted tortiously against Michael Craven and wrongfully caused and/or contributed to the death of Michael Craven.

41.

That the Defendant, Perry County, is liable for its actions and the actions of its agents. The Defendants acted in reckless disregard of the safety and well-being of Michael Craven. *Miss Code Ann.* § 11-46-9(1)(c).

42.

That the Perry County Sheriff's Department acted wrongfully and with reckless disregard to Michael Craven's severe medical condition when it failed to provide any

medical assistance to him, and when it failed to exercise appropriate procedure by releasing him from their care and custody and delivering him to his home. The Defendants acted with reckless disregard to the safety of Michael Craven when he was delivered home and thereafter died.

43.

That the Michael Craven died as a result of the wrongful and deliberate acts of Defendants. That, as a consequence of these acts, Michael Craven suffered wrongful death.

44.

That while in the custody of the Perry County Sheriff's Department, Defendant deliberately ignored the fact that Michael Craven was in need of immediate medical attention and that he was in fact under disability from a stroke.

45.

That Michael Craven, Hershall Craven, Shane Craven, Brian Craven and Roxanne Craven, suffered losses and damages from the wrongful death of Michael Craven as a result of the wrongful and deliberate actions of the Defendants.

NEGLIGENCE

46.

If it is determined that on Michael Craven's signing the recognizance bond, order of release, and his departure from the Perry County Jail, that he was no longer in the custody of the Perry County Sheriff's Department, than the actions of Sheriff Smith and Officer McSwain should be held to the standard of reasonable care. Alternatively, after his release from the Perry County Jail, if Michael Craven was in the custody of the Perry

County Sheriff's Department until he was transported into another county, than at that time the actions of Sheriff Smith and Officer McSwain will be held to the standard of reasonable care. Once Sheriff Smith and Officer McSwain took responsibility, as mere citizens, for Michael Craven knowing that he was ill, they had a duty to act with reasonable care. Sheriff Smith and Officer McSwain breached this duty of reasonable care, which ultimately led to the death of Michael Craven. Plaintiff's have suffered losses and damages as a result of this dereliction of duty.

## PRAYER FOR RELIEF

49.

The Plaintiff's respectfully request this Court to:

A. Enter a judgment in favor of the Plaintiffs and against the Defendants;

B. Enter an order declaring the Defendant's conduct unconstitutional;

C. Award the Plaintiffs compensatory and punitive damages against the Defendants;

D. Award the Plaintiffs any other damages to which they may be entitled under the law;

E. Award the Plaintiffs counsel reasonable attorneys' fess and costs pursuant to 42 U.S.C. Section 1988 and any other applicable provisions of the law; and

F. Grant unto the Plaintiffs such other and further relief as may be just and proper under the circumstances.

## JURY TRIAL DEMANDED

50.

Plaintiff's demand a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

WHEREFORE, Plaintiffs' demand judgment for actual damages in an amount to be determined by a jury, and attorney's fees and costs, for violation of the rights of Michael Craven under 42 U.S.C. Section 1983, the Eight and Fourteenth Amendments to the United States Constitution, Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act, and Mississippi state law. The Plaintiffs further demands judgment for punitive damages against all of the Defendants, jointly and individually, in an amount to be determined by a jury, and for reasonable attorney's fees and costs.

Respectfully submitted, this the 7 day of June, 2012.

HERSHALL CRAVEN, SHANE CRAVEN, BRIAN CRAVEN, AND ROXANNE CRAVEN

By undersigned counsel of record

Carroll H. Ingram, Plaintiff's Counsel

COUNSEL FOR PLAINTIFFS

Carroll H. Ingram, MSB No. 3023
Jennifer Ingram Wilkinson, MSB No. 99265
Ingram Wilkinson, PLLC
2901 Arlington Loop
Post Office Box 15039
Hattiesburg, Mississippi 39404-5039
(601) 261-1385 Telephone
(601) 261-1393 Facsimile
Email: carroll@ingramlawyers.com
Email: jennifer@ingramlawyers.com

Joseph D. Songy, MSB No. 103606
Joseph D. Songy, PLLC
40 Deep South Lane
Post Office Box 1762
Purvis, Mississippi 34975-1762
(601) 794-2683 Telephone
(601) 794-2685 Facsimile
Email: songylaw@gmail.com