IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

HERSHALL CRAVEN, Beneficiary of Michael Craven;
SHANE CRAVEN, Beneficiary of Michael Craven;
BRIAN CRAVEN, Beneficiary of Michael Craven; and
ROXANNE CRAVEN, Beneficiary of Michael Craven        **PLAINTIFFS**

V.                             CIVIL ACTION NO.:  2:12-cv-99-KS-MTP

PERRY COUNTY, a political subdivision;
JEREMY MCSWAIN, Individually; and
JIMMY DALE SMITH, Individually and in his
official capacity as Sheriff of Perry County        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Jeremy McSwain and Jimmy Dale Smith's Motion for Qualified Immunity and Stay [6] and Plaintiffs' Motion for Qualified Immunity Scheduling Order [11]. Defendants request a stay of proceedings while discovery related to their defense of qualified immunity is conducted. Defendants anticipate filing a dispositive motion based upon qualified immunity after such discovery is completed. Plaintiffs request a scheduling order from the Court giving the parties 120 days to conduct discovery related to the defense of qualified immunity, and thereafter, 30 days for briefing on the subject defense. The Court, having considered the submissions of the parties, the record and the applicable law, finds that discovery specifically tailored to the issue of qualified immunity should be allowed and that, as outlined below, a scheduling order should be entered for the completion of such discovery and for the Defendants' filing of a dispositive motion on the defense of qualified immunity.

### I.  BACKGROUND

This is an action for wrongful death brought by the siblings of Michael Craven

against Jeremy McSwain (a deputy sheriff with the Perry County Sheriff's Department), Jimmy Dale Smith (the Sheriff of Perry County), and Perry County, Mississippi. Plaintiffs allege that on or about February 8, 2011, Deputy McSwain responded to a single vehicle accident involving Michael Craven.  (*See* Complaint [1] at ¶ 10.)  Deputy McSwain arrested Craven for driving under the influence ("DUI") after investigating the incident and speaking with a witness to the accident named Joanne Hamby.  (*See* Complaint [1] at ¶ 13.)  Plaintiffs contend Hamby was an acquaintance of Craven and that she told Deputy McSwain, *inter alia*, that Craven had previously suffered a stroke and that she thought Craven needed immediate medical attention.  (*See* Complaint [1] at ¶ 12.)  Plaintiffs allege that Deputy McSwain wrongfully refused to provide Craven with medical attention, and instead arrested Craven for DUI.  (*See* Complaint [1] at ¶ 15.)  Craven was released from custody approximately two and one-half (2½) hours after being arrested.  (*See* Complaint [1] at ¶ 17.)  Plaintiffs contend that Deputy McSwain drove Craven to his residence in Jones County at the direction of Sheriff Smith after the Sheriff had been advised of Craven's medical issues.  (*See* Complaint [1] at ¶ 17.)  Plaintiffs state that Craven died less than one hour after being delivered to his home.  (*See* Complaint [1] at ¶ 21.)

On June 7, 2012, Plaintiffs filed their Complaint in this Court.  Subject matter jurisdiction is asserted under 28 U.S.C. §§ 1331 and 1367.  Plaintiffs allege that Defendants' failure to provide Craven with medical assistance violated his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution, entitling them to relief under 42 U.S.C. § 1983.  Damages are also sought under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973,

29 U.S.C. 794(a).  Plaintiffs further seek relief under the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 to -23, and assert a general negligence claim against Deputy McSwain and Sheriff Smith.[1]

On July 3, 2012, Defendants filed their Answer [3].  Both Sheriff Smith and Deputy McSwain raised the defense of qualified immunity.  (*See* Answer [3] at pp. 1-2.)  On July 5, 2012, Smith and McSwain filed their Motion for Qualified Immunity and Stay [6].  On July 12, 2012, the Court entered an Order [7] staying "the attorney conference, disclosure requirements and all discovery not related to the immunity defense" pursuant to the Motion [6] and Local Rule 16(b)(3).  *See* L.U.Civ.R. 16(b)(3)(B) ("Filing a motion . . . [raising] an immunity defense . . . stays the attorney conference and disclosure requirements and all discovery not related to the issue . . . .  Whether to permit discovery on issues related to a motion asserting an immunity defense . . . is a decision committed to the discretion of the court.").  On July 25, 2012, Plaintiffs filed their Motion for Qualified Immunity Scheduling Order [11], requesting that the Court "resolve the issues of qualified immunity upon the completion of immunity-related discovery after the submission of appropriate supplemental briefing and the submission of authorities."  (*See* Motion [11] at ¶ 2.)  On August 7, 2012, Deputy McSwain and Sheriff Smith served "Immunity-Related" Interrogatories and Requests for Production of Documents to the Plaintiffs.  (*See* Notices of Service [14], [15].)

## II.  DISCUSSION

The central issue before the Court is whether to allow discovery related to

---

[1] Plaintiffs' negligence claim has been dismissed under Federal Rule of Civil Procedure 12(b)(6).  (*See* Memorandum Opinion and Order [16].)

Deputy McSwain and Sheriff Smith's defense of qualified immunity. Under a qualified immunity defense, government officials are protected "'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). The purpose underlying the doctrine is to preclude "'distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service.'" *Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987) (quoting *Harlow*, 457 U.S. at 816). "To this end, qualified immunity serves to terminate a claim against a public official as soon as possible in a judicial proceeding, *even before discovery*." *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998) (emphasis added) (citing *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991)). "Generally, a court should allow discovery only if it finds that the officer's conduct violated a clearly established right." *Izen v. Catalina*, 256 F.3d 324, 330 (5th Cir. 2001) (citation omitted); *see also Moore v. Louisiana*, 210 F.3d 369, 2000 WL 294462, at *2 (5th Cir. Feb. 25, 2000) (providing that qualified immunity protects public officials from discovery unless the complaint asserts facts which, if true, would defeat the defense).

This case appears to be unique in that Deputy McSwain and Sheriff Smith, the parties potentially protected by the defense of qualified immunity, have not only requested that discovery related to the defense be allowed, but have also moved forward with propounding such discovery to the Plaintiffs. (*See* Notices of Service [14], [15].) This Court is unaware of any opinion from the Supreme Court or Fifth Circuit

prohibiting discovery pending a ruling on whether the complaint alleges a sufficient rights violation under such circumstances. On the other hand, the Fifth Circuit has held that "qualified immunity is a defense subject to waiver, . . . ." *Magee v. Cabana*, 35 F.3d 559, 1994 WL 499588, at *2 (5th Cir. Aug. 22, 1994) (citing *Martin v. Thomas*, 973 F.2d 449, 459 (5th Cir. 1992)). If the defense of qualified immunity can be waived, then so can the attendant prohibition on discovery prior to a finding that the complaint alleges facts that would defeat the defense. *Cf. Largent v. City of Dallas*, 44 F.3d 1004, 1995 WL 10516, at *4 (5th Cir. Jan. 3, 1995) (holding that a public official waived his ability "to limit the scope of his deposition to facts essential to his qualified immunity defense"). The Court finds that discovery specifically related to the defense of qualified immunity should be allowed at this time since both the Plaintiffs **and** Defendants seek to conduct such discovery.

### III.  CONCLUSION

The parties may conduct discovery limited in scope to determining facts necessary for the resolution of whether Deputy McSwain and Sheriff Smith "violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Boulos*, 834 F.2d at 508 (quoting *Harlow*, 457 U.S. at 818). As further detailed below, depositions and written discovery requests will be limited in number so as to deter the possibility of discovery reaching issues beyond the defense of qualified immunity. Although Plaintiffs have requested 120 days to conduct discovery and Defendants have not objected to this deadline, the Court finds that a shorter time period, ninety (90) days, is warranted in order to keep this matter progressing in an efficient and expeditious manner. Deputy McSwain and Sheriff Smith are to file their

dispositive motion based on the defense of qualified immunity within thirty (30) days of the completion of discovery. The Court will then enter an order setting dates certain for the response and rebuttal.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Qualified Immunity and Stay [6] and Motion for Qualified Immunity Scheduling Order [11] are granted in part and denied in part. The parties may conduct discovery specifically tailored to resolving the issue of whether Deputy McSwain and Sheriff Smith violated clearly established statutory or constitutional rights of which a reasonable person would have known. Such discovery shall be completed within ninety (90) days from the entry of this Order; and, each party is limited to propounding fifteen (15) interrogatories, ten (10) requests for production, ten (10) requests for admission, and to taking the deposition of any other party (except Perry County, Mississippi) and one (1) fact witness.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendants shall file their dispositive motion based on the defense of qualified immunity within thirty (30) days of the completion of the aforementioned discovery period.

SO ORDERED AND ADJUDGED this the 17th day of August, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE